# CASE NO. 21-1335

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

REBECCA BRIGHAM,
Plaintiff – Appellant,

v.

FRONTIER AIRLINES, INC.,
Defendant – Appellee.

_____

On Appeal from the United States District Court for the District of Colorado
The Honorable Judge William J. Martinez
District Court No. 1:19-cv-03417

_____

## APPELLEE'S MOTION TO SEAL SUPPLEMENTAL APPENDIX
_____

        Respectfully submitted,

        Danielle L. Kitson
        Carolyn B. Theis
        LITTLER MENDELSON, P.C.
        1900 Sixteenth Street, Suite 800
        Denver, CO 80202
        Tel.: 303.629.6200
        Fax: 415.520.6685
        dkitson@littler.com
        catheis@littler.com

        Attorneys for Appellee

        February 7, 2022

# INTRODUCTION

Pursuant to Tenth Circuit Rule 25.6, Appellee Frontier Airlines, Inc. ("Frontier" or "Appellee"), by and through its attorneys, respectfully requests that the Court seal Frontier's Supplemental Appendix because it consists of a spreadsheet containing confidential, private, and highly sensitive information regarding Frontier employees who requested accommodations from Frontier, including certain employees' medical conditions. In further support of this Motion, Frontier state as follows:

# FACTS

This case involves Ms. Brigham's appeal of the District Court's entry of summary judgment for Frontier on Ms. Brigham's claims for alleged violations of the Americans with Disabilities Act of 1990, as amended 42 U.S.C. § 12101, *et seq*. ("ADA"). At issue on appeal is whether the District Court erred in concluding Frontier did not violate the ADA when it denied certain accommodations requested by Ms. Brigham concerning her alcoholism and related recovery, which were not plausibly reasonable as a matter of law, and whether the District Court erred in concluding Frontier did not violate the ADA when it discharged Brigham for her admitted violation of its attendance policy and protocols.

Prior to this appeal and pursuant to Federal Rule of Civil Procedure 26(c), the parties anticipated discovery would require the disclosure of confidential, non-public, sensitive, and/or personally identifiable information and therefore, Frontier filed an Unopposed Motion for Entry of a Stipulated Protective Order, which the District Court granted. [App.[1] Vol. 1 at 4 (ECF #21); *id*. (ECF #25)]. In the course of discovery, Frontier produced a spreadsheet reflecting information regarding other Frontier employees who had requested accommodations, including for medical conditions, containing personally identifying information and related health information. Given the sensitive contents of the spreadsheet, Frontier produced the spreadsheet as "Confidential" pursuant to the terms of the Protective Order. Brigham used the spreadsheet as "Exhibit 11" to her Motion for Partial Summary Judgment, converting the excel file into a pdf file and requesting that the District Court restrict public access to the document.[2] [App. Vol. 1 at 5 (ECF #37, 41)]. The District Court

---

[1] Frontier uses "App." to refer to the Appendix filed by Ms. Brigham on December 6, 2021. "Vol." refers to the specific volume within the Appendix filed by Ms. Brigham.

[2] Given that Frontier produced the spreadsheet in discovery as an excel file, the bates-label and Confidential designation are not reflected in the pdf version Brigham filed with the Court when she filed the document as Exhibit 11 to her Motion for Partial Summary Judgment. Undersigned counsel can provide the Court with the excel version of the document should the Court determine the excel version is necessary or would be helpful.

granted Brigham's request and has maintained the spreadsheet with Level 1 restricted access such that it is not publicly available. [App. Vol. 1 at 6 (ECF #43)].

When the District Court ruled on Frontier's Motion for Summary Judgment and Brigham's Motion for Partial Summary Judgment, it relied in part on the spreadsheet. [App. Vol. VI at 1551-52]. Therefore, Frontier believes the document should be included in the record before this Court and for the same reasons the District Court has maintained the document as Level 1 restricted, seeks to seal the spreadsheet so it is not publicly available.

## ARGUMENT

"[A]ccess to [certain documents] may be restricted when the public's right of access is outweighed by interests which favor nondisclosure." *See W. Convenience Stores, Inc.*, 970 F. Supp. 2d at 1191 (citing *United States v. McVeigh,* 119 F.3d 806, 811 (10th Cir.1997)). Under the common law right to access, "judicial documents are presumptively available to the public, but may be sealed if the right to access is outweighed by the interests favoring nondisclosure." *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). There are no statutes or rules that would seem to limit or preclude the exercise of this power. *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980). For the Court to allow documents to be restricted, the moving party "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making

4

process." *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135 (10th Cir. 2011).

Here, the need to protect the privacy of non-parties, including personally identifying information concerning their highly confidential requests for accommodations and related medical conditions, constitutes a "real and substantial interest," justifying the need to prevent public access to such information. *Id.; see also, United States v. Dillard*, 795 F.3d 1191, 1206 (10th Cir. 2015) (observing that this Court has "previously recognized that the privacy interest inherent in personal medical information can overcome the presumption of public access.") (citing *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.,* 663 F.3d 1124, 1135–36 (10th Cir. 2011) ("approving the filing under seal of files containing private medical information"); *Russell v. Lanier,* 404 Fed.Appx. 288, 289 n. 2 (10th Cir. 2010) ("recognizing the 'sensitive nature' of medical information and granting leave to file appendix under seal")).

Frontier and certain current and/or former employees who are non-parties to this appeal and its underlying litigation would be unnecessarily harmed by having this confidential, private, and highly sensitive information made public, invading the privacy rights of non-parties and exposing Frontier to liability. Further, non-parties' personally identifying information, requests for accommodations, and related medical conditions is not necessary for the public to understand the issues on appeal

5

in this case. Finally, sealing the documents is the only practicable way to protect the information contained therein. The spreadsheet cannot simply be redacted, as the entirety of the spreadsheet concerns confidential and highly sensitive information concerning employee accommodations such that redactions would make it unmanageable. Additionally, this Court will need to review the confidential information itself to confirm the facts relied upon by the District Court.

Counsel for Ms. Brigham objects to the relief sought in this Motion. Despite having filed the spreadsheet under seal himself and never moving to unseal or substitute the spreadsheet with a redacted version, counsel for Ms. Brigham insists that rather than sealing the spreadsheet, it should be replaced with a redacted version of the document.

WHEREFORE, Frontier respectfully requests for an order sealing Frontier's Supplemental Appendix.

Dated this 7th day of February 2022.

                                             *s/ Danielle L. Kitson*
                                             Danielle L. Kitson
                                             Carolyn B. Theis
                                             LITTLE MENDELSON, P.C.
                                             1900 16th Street, Suite 800
                                             Denver, Colorado 80202
                                             Telephone: 303-629-6200
                                             Facsimile: 303-629-0200
                                             Email: dkitson@littler.com
                                                              catheis@littler.com

                                             ATTORNEYS FOR APPELLEE

## **CERTIFICATE OF SERVICE**

I certify that on February 7, 2022, I electronically filed the foregoing using the appellate CM/ECF system which will send notification of such filing to:

John R. Crone
The Law Office of John R. Crone, LLC
2717 South Forest Street
Denver, CO 80222
Phone: (303) 598-3526
john@crone-law.com

*Attorneys for Plaintiff-Appellant Rebecca Brigham*

                                              *s/ Danielle L. Kitson*
                                              Danielle L. Kitson
                                              Carolyn B. Theis
                                              LITTLE MENDELSON, P.C.
                                              1900 16th Street, Suite 800
                                              Denver, Colorado 80202
                                              Telephone:  303-629-6200
                                              Facsimile:   303-629-0200
                                              Email:  dkitson@littler.com
                                                                           catheis@littler.com

                                              ATTORNEYS   FOR   APPELLEE
                                              FRONTIER AIRLINES, INC.

## CERTIFICATE OF DIGITAL SUBMISSION AND PRIVACY REDACTIONS

I hereby certify that a copy of the foregoing **APPELLEE'S MOTION TO SEAL SUPPLEMENTAL APPENDIX**, as submitted in Digital Form via the court's ECF system, has all required privacy redactions per 10th Cir. R. 25.5, that if required to file additional hard copies, that the ECF submission is an exact copy of those documents and the digital submission has been scanned for viruses with the Norton Security Suite, Version 22.8.0.50 last updated on October 31, 2016, and, according to the program, is free of viruses. In addition, I certify that all required privacy redactions have been made.

Dated this 7th day of February 2022.

*s/ Danielle L. Kitson*
Danielle L. Kitson
Carolyn B. Theis
LITTLE MENDELSON, P.C.
1900 16th Street, Suite 800
Denver, Colorado 80202
Telephone:  303-629-6200
Facsimile:   303-629-0200
Email:  dkitson@littler.com
             catheis@littler.com

ATTORNEYS FOR APPELLEE FRONTIER AIRLINES, INC.
