# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

Case No.: 21-1335

REBECCA BRIGHAM,

    Appellant,

v.

FRONTIER AIRLINES, INC.,

    Appellee.

---

## RESPONSE TO APPELLEE'S MOTION TO SEAL SUPPLEMENTAL APPENDIX

---

Appellant Rebecca Brigham, by and through her undersigned counsel, hereby submits *Response to Appellee's Motion to Seal Supplemental Appendix*. Because Frontier makes no showing of a substantial interest that justifies depriving the public access to the Supplemental Appendix and Frontier fails to show that reasonable redaction in lieu of sealing would not cure any concerns regarding confidentiality, Appellant Rebecca Brigham respectfully requests the Court deny Frontier's Motion and instead order Frontier to refile its Supplemental Appendix with all employee names redacted.

## LEGAL STANDARD

"Any party who seeks to file any document under seal in this court must overcome a presumption in favor of access to judicial records." 10th Cir. R. 25.6 (citing *Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey*, 663 F.3d 1124, 1135 (10th Cir. 2011)). "To do so, 'the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process.'" *Eugene S*, 663 F.3d at 1135-36 (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)). The rules of this Court require that any "appendix . . . submitted under seal must be accompanied by a motion for leave to file the document under seal." 10th Cir. R. 25.6(A).

Such a motion must: (1) identify with particularity the specific document containing the sensitive information: (2) explain why the sensitive information cannot reasonably be redacted in lieu of filing the entire document under seal; (3) articulate a substantial interest that justifies depriving the public access to the document; (4) cite any applicable rule, statute, case law, or prior court order having a bearing on why the document should be sealed, "keeping in mind that this court is not bound by a district court's decision to seal a document below;" and (5) comply with Tenth Circuit Rule 27.1. 10th Cir. R. 25.6(A)(1)-(5) (citing *Williams v. FedEx Corporate Services*, 849 F.3d 889, 905 (10th Cir. 2017)). This Court has described

the movant's task as a "heavy burden." *Eugene S.*, 663 F.3d at 1136.

"Redaction is preferable to filing to an entire document under seal. Thus, unless redaction is impracticable, the party seeking to protect sensitive information shall publicly file a redacted version of the document concurrently with the motion to seal." 10th Cir. R. 25.6(B).

## ARGUMENT

Frontier seeks to seal its Supplemental Appendix comprised of a "spreadsheet" which Frontier claims contains "confidential, private, and highly sensitive information regarding Frontier employees" including "certain employees' medical conditions." In reality, Frontier's spreadsheet includes information of a general nature related to any given employees' request for an accommodation by simply noting, in a check-the-box fashion, the type of restriction an employee may have as well as the type of accommodation sought. Where additional notes are added in the spreadsheet regarding any specific employee, the notes are almost universally limited to a brief statement of the accommodation requested, whether it was granted, and whether it worked. No actual medical or treatment records are quoted, appended, or made part of the Supplemental Appendix.

As such, Frontier does not carry its "heavy burden" in seeking to have its Supplemental Appendix sealed as it failed to: (a) explain why the purportedly

sensitive information cannot reasonably be redacted in lieu of filing the entire document under seal; or (b) articulate a substantial interest that justifies depriving the public access to the document. Therefore, and given that redaction of employee names in the Supplemental Appendix would completely resolve any privacy concerns of individual employees while balancing the public's right to access judicial documents—documents which Frontier admits were relied upon by the district court in arriving at its decision—Appellant respectfully requests the Court order Frontier to publicly file its Supplemental Appendix with all employee names redacted.

### A.     **Frontier failed to explain why the employee names cannot be redacted rather than sealed.**

Frontier argues: "The spreadsheet cannot simply be redacted, as the entirety of the spreadsheet concerns confidential and highly sensitive information concerning employee accommodations such that redactions would make it unmanageable. Additionally, this Court will need to review the confidential information itself to confirm the facts relied upon by the District Court." Appellee's Mot. at 6. Frontier's argument provides no actual basis for its assertion that redaction would be "unmanageable" other than its own conclusory statement. The "heavy burden" placed upon a movant by this Court when seeking to shield judicial documents from public view requires more than a single conclusory statement. *See, e.g.,* 10th Cir. R.

25.6(A)(2) (requiring an explanation as to why redaction cannot be utilized in lieu of sealing).

Moreover, Frontier's assertion that redactions would disallow this Court from "review[ing] the confidential information itself to confirm the facts relied upon by the District Court" is incorrect as the district court did not rely upon on the names of any employees contained in the spreadsheet when it erroneously concluded that the evidence contained therein failed to support Appellant's claims under the ADA. And importantly, upon review of the Supplemental Appendix, it is readily apparent that reasonable redaction would in fact address any concerns given that, apart from any given employee's name, information regarding a medical condition or the related accommodation is general and often in a check-the-box format. Therefore, given Frontier's inability to satisfy a fundamental part of this Court's required analysis when seeking to seal its Supplemental Appendix—answering the question of why redaction cannot serve to protect confidential information while preserving public access to judicial documents—its Motion should be denied.

**B.     Frontier failed to articulate a substantial interest that justifies depriving the public access to the Supplemental Appendix.**

Frontier argues that protecting the privacy of non-parties, specifically their personally identifying information (which, here, consists only of names that can be redacted) including the nature of their requests for accommodations and related

medical conditions, constitutes a "real and substantial interest" justifying the need to prevent public access to such information. Appellee's Mot. at 5. But, Frontier is unable to provide any authority supporting its argument in this context. In *Eugene S.*, this Court sealed an appendix containing "medical records" and "personal health information" where "[n]early every document in the volume at issue include[d] the name of, and/or personal and private medical information relating to, Mr. S.'s minor son." 663 F.3d at 1135-36.

Here, Frontier's spreadsheet includes information of a general nature related to any given employees' request for an accommodation by simply noting, in a check-the-box fashion, the type of restriction an employee may have as well as the type of accommodation sought. Where additional notes are added in the spreadsheet regarding any specific employee, the notes are almost universally limited to a brief statement of the accommodation requested, whether it was granted, and whether it worked. No medical or treatment records are quoted, appended, or made part of the Supplemental Appendix. Thus, the concerns in *Eugene S.* are not present here and any remaining concerns about the *identity* of any third parties may be completely relieved through redaction of names.

The remaining authority cited by Frontier fares no better. *See United States v. Dillard*, 795 F.3d 1191, 1205-06 (10th Cir. 2015) (ordering the government, in part,

to refile *unsealed* versions of appendices with redactions); *Russell v. Lanier*, 404 Fed. App'x 288, 290 n. 2 (granting defendants motion to seal documents comprised of "detailed treatment records of OFC medical staff" and "medical records pertinent to Mr. Russell's Hepatitis C diagnosis" among other documents). Put simply, Frontier's Supplemental Appendix is not comprised of medical records or detailed treatment records and where it does describe the nature of requested accommodations and their bases, the description is done in a general way that reveals nothing of a personally identifying nature.

    The substantial interests identified in other cases cited by Frontier are not present in this case. Instead, the public's presumed right to view the evidence relied upon by the district court and this Court in arriving at their determinations outweighs any confidentiality interests cited by Frontier. While Frontier also argues that filing its Supplemental Appendix will "expos[e] [it] to liability," Frontier does not explain how liability may accrue, let alone describe how it may face liability if employee names are redacted. Because this Court requires a movant to show a substantial interest that justifies depriving the public access to the document, and Frontier has failed to articulate any such interest in its Supplemental Appendix, Appellant

respectfully requests the Court deny its Motion.[1]

## CONCLUSION

For the reasons stated herein, Appellant Rebecca Brigham respectfully requests the Court deny Frontier's Motion instead ordering Frontier to refile its Supplemental Appendix with employee names redacted.

Respectfully submitted this 7th day of February, 2022.

**Counsel for Appellant**

/s/John R. Crone
John R. Crone
CO Bar No. 48284
THE LAW OFFICE OF JOHN R. CRONE, LLC
2717 S Forest Street
Denver, CO 80222
Telephone: (303) 598-3526
john@crone-law.com

---

[1] Frontier also argues that Appellant's objection to its Motion is somehow improper because the undersigned filed the spreadsheet at issue under seal with the district court in support of Appellant's motion for partial summary judgment. Appellee's Mot. at 6. However, Appellant filed the spreadsheet under seal because Frontier designated it as "confidential" pursuant to the district court's protective order, and as such, Appellant was required to do so. In any event, this Court is not bound by a district court's decision to seal a document below. 10th Cir. R. 25.6(A)(4).

# **CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2022, a true and correct copy of the foregoing *Response to Appellee's Motion to Seal Supplemental Appendix*, including any exhibits, was electronically filed with the Clerk of the Court using the appellate CM/ECF system, which also served all parties through their attorneys of record.

By:   /s/ John R. Crone
        John R. Crone

## CERTIFICATE OF COMPLIANCE

      I hereby certify that the foregoing response complies with the requirements of Fed. R. App. P. 27 because it has been prepared in 14-point Times New Roman, a proportionally spaced font.

                                              By:   /s/ John R. Crone
                                                        John R. Crone

## CERTIFICATE OF DIGITAL SUBMISSION

Pursuant to this Court's CM/ECF User's Manual, I hereby certify that: (i) all required privacy redactions have been made, per 10th Cir. R. 25.5; (ii) if required to file additional hard copies, the ECF submission is an exact copy of those documents; and (iii) the ECF submission was prepared on an Apple MacBook Air, utilizing all security features built into that device.

By:   /s/ John R. Crone
      John R. Crone