CASE NO. 21-1335

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

REBECCA BRIGHAM,
Plaintiff – Appellant,

v.

FRONTIER AIRLINES, INC.,
Defendant – Appellee.

_____

On Appeal from the United States District Court for the District of Colorado
The Honorable Judge William J. Martinez
District Court No. 1:19-cv-03417

_____

**APPELLEE'S REPLY IN SUPPORT OF APPELLEE'S MOTION TO SEAL SUPPLEMENTAL APPENDIX**

_____

Respectfully submitted,

Danielle L. Kitson
Carolyn B. Theis
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
Tel.: 303.629.6200
Fax: 415.520.6685
dkitson@littler.com
catheis@littler.com

Attorneys for Appellee

February 14, 2022

**ORAL ARGUMENT IS NOT REQUESTED**

# INTRODUCTION

Appellee Frontier Airlines, Inc. ("Frontier" or "Appellee"), by and through its attorneys, submits this Reply in Support of Appellee's Motion to Seal Supplemental Appendix (the "Motion") filed on February 7, 2022, respectfully requesting that the Court seal Frontier's Supplemental Appendix filed on February 4, 2022.

As Appellant Rebecca Brigham ("Ms. Brigham" or "Appellant") previously represented to the District Court, the privacy interests of non-parties outweigh the presumption of public access because the spreadsheet at issue consists of non-parties' confidential requests for accommodation, including but not limited to their related health information. Further, as Ms. Brigham also previously argued to the District Court, redaction is not an appropriate alternative to sealing the spreadsheet because virtually the entire document would require redaction, rendering it indecipherable and unmanageable.

In further support of its Motion, Frontier states as follows:

# ARGUMENT

**A. Privacy Interests Of Non-Parties Concerning Confidential Requests For Accommodation And Related Health Information Outweighs Public Access.**

While Ms. Brigham contends in her Response to Appellee's Motion to Seal Supplemental Appendix (the "Response") that the information contained in the spreadsheet is "of a general nature related to any given employees' [sic] request for

an accommodation…" and as such that there is no substantial interest justifying restriction, she previously took the opposite position, representing to the District Court that the spreadsheet "contains personally identifying information of Defendant's employees and information which those employees may wish to keep confidential, including: names, the nature of reasonable accommodation requests, and the description of medical conditions…" and therefore, "**the interests protected outweigh the presumption of public interest given the personal and sensitive nature of the information.**" Response to Appellee's Motion to Seal ("Resp. to Mot. to Seal") at 3; Ms. Brigham's Second Unopposed Motion to File Restricted Exhibit [ECF No. 41] ("Brigham's Second Mot. to File Restricted Ex."), attached as Exhibit A at ¶ 2 (emphasis added).[1] Ms. Brigham also accurately represented that "If access [is] not restricted, any number of individuals may see their personal and confidential health information exposed publicly." *Id.*

Therefore, as previously acknowledged by Ms. Brigham herself, the spreadsheet at issue contains significant personal health information, including but not limited to descriptions of mental and physical conditions and related restrictions

---

[1] While Ms. Brigham contends that she filed the spreadsheet with the District Court under seal because Frontier had designated it as "Confidential" pursuant to the Protective Order in the case, Ms. Brigham could have challenged the confidentiality designation or moved to file a redacted version of the spreadsheet as she now insists Frontier submit. *See* Resp. to Mot. to Seal at 8, n.1.

3

experienced by non-party Frontier employees, representations made by medical care providers regarding non-party Frontier employees, and medical treatments and prognoses concerning non-party Frontier employees. This Court has recognized protecting personal health information as a "real and substantial interest" that overcomes the presumption of public access to judicial records. *See, e.g., Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey*, 663 F.3d 1124 (10th Cir. 2011) (holding appellant satisfied his burden of articulating a real and substantial interest that justified depriving the public of access to an appendix containing "medical records and **other documents containing personal health information**") (emphasis added) (internal quotation omitted)*; Stachmus v. Guardian Life Ins. Co. of Am.,* 853 F. App'x 268, 273 (10th Cir. 2021) (granting motion to seal certain appendix volumes reasoning, "We have previously granted motions to seal portions of the appendix containing **personal medical information or confidential business records.**") (emphasis added); *McClenahan v. Metro. Life Ins. Co.,* 416 F. App'x 693, 699, n.2 (10th Cir. 2011) (granting motion to seal certain appendix volumes containing "**personal medical information**") (emphasis added).

In addition, the spreadsheet at issue also includes references to confidential and sensitive information regarding discipline received by non-party employees, non-party employees' retirement plans, and severance payments made to non-party employees, providing additional bases recognized by this Court to seal the

Supplemental Appendix. *See, e.g., Lucero v. Sandia Corp.,* 495 F. App'x 903, 913 (10th Cir. 2012) (sealing documents containing confidential information regarding employer's personnel and business practices concerning non-party employees).

Therefore, with respect to the spreadsheet at issue, the presumption of public access is outweighed by non-parties' considerable privacy interests in personal health information as well as Frontier's interest in protecting confidential business information.

> **B.     Redaction Is Impracticable And Would Make The Spreadsheet Unmanageable.**

In addition, while Ms. Brigham now insists that redacting employee names would sufficiently protect the confidential information contained in the spreadsheet, she represented to the District Court that filing the spreadsheet under seal was "the most practicable way for [Ms. Brigham] to present this evidence to the Court while also preserving the privacy interests of third-parties" because "**[v]irtually the entire document would require redaction rendering the exhibit indecipherable.**" Ex. A (Brigham's Second Mot. to File Restricted Ex.) at ¶ 4 (emphasis added).

As previously acknowledged by Ms. Brigham and like the appendix in *Eugene*, nearly every page of the Supplemental Appendix (which consists only of the spreadsheet at issue) includes names along with personal and private health information in addition to information concerning non-party employee discipline,

5

retirement, and severance, and as in *Eugene*, any page that does not contain such information would be of little use to this Court. *See Eugene*, 663 F.3d at 1136.

Therefore, the Court should seal the Supplemental Appendix in its entirety because redactions would be impracticable and make the spreadsheet unmanageable.

## CONCLUSION

For these reasons and those set forth in Appellee's Motion to Seal Supplemental Index, Frontier respectfully requests an order sealing the Supplemental Appendix.

Respectfully submitted this 14th day of February, 2022.

> *s/ Danielle L. Kitson*
> Danielle L. Kitson
> Carolyn B. Theis
> LITTLER MENDELSON, P.C.
> 1900 Sixteenth Street, Suite 800
> Denver, CO 80202
> Tel.: 303.629.6200
> Fax: 415.520.6685
> dkitson@littler.com
> catheis@littler.com
>
> *Attorneys for Appellee*

## **CERTIFICATE OF SERVICE**

I certify that on February 14, 2022, I electronically filed the foregoing using the appellate CM/ECF system which will send notification of such filing to:

John R. Crone
The Law Office of John R. Crone, LLC
2717 South Forest Street
Denver, CO 80222
Phone: (303) 598-3526
john@crone-law.com

*Attorney for Plaintiff-Appellant Rebecca Brigham*

              *s/ Danielle L. Kitson*
              Danielle L. Kitson
              Carolyn B. Theis

## CERTIFICATE OF DIGITAL SUBMISSION
## AND PRIVACY REDACTIONS

I hereby certify that a copy of the foregoing **APPELLEE'S REPLY IN SUPPORT OF APPELLEE'S MOTION TO SEAL SUPPLEMENTAL APPENDIX**, as submitted in Digital Form via the court's ECF system, has all required privacy redactions per 10th Cir. R. 25.5, that if required to file additional hard copies, that the ECF submission is an exact copy of those documents and the digital submission has been scanned for viruses with the Norton Security Suite, Version 22.8.0.50 last updated on October 31, 2016, and, according to the program, is free of viruses. In addition, I certify that all required privacy redactions have been made.

Dated this 14th day of February, 2022.

*s/ Danielle L. Kitson*
Danielle L. Kitson
Carolyn B. Theis

4882-7637-8382.2 / 057446-1017